UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

M. OTIS DOLPHIN, JR.,              )
                                   )
                Plaintiff,         )
                                   )
        v.                         )         No. 4:08-CV-669-TCM
                                   )
MOLLY E. DINNEEN, et al.,          )
                                   )
                Defendants.        )


### ORDER AND MEMORANDUM

        This matter is before the Court upon the application of
M. Otis Dolphin, Jr. for leave to commence this action without
payment of the required filing fee.  See 28 U.S.C. § 1915(a).  Upon
consideration of the financial information provided with the
application, the Court finds that plaintiff is financially unable
to pay any portion of the filing fee.  Therefore, plaintiff will be
granted leave to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a).

### 28 U.S.C. § 1915(e)

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief.  An action is frivolous if "it
lacks an arguable basis either in law or in fact."  Neitzke v.
Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks ten billion dollars in this action against Molly E. Dinneen, Mendes and Mount, L.L.C., Equibase Company, L.L.C., Jockey Club Racing Services, Inc., Daily Racing Form, L.L.C., Greensfelder (Attorney at Law), and Armstrong-Teasdale, L.L.P. Plaintiff's claims seem to arise out of on-line horse betting; however, the exact nature of plaintiff's claims is unclear to the Court.

At the outset, plaintiff states that the jurisdictional grounds for filing this action in federal court are, as follows: "'Subornation of Perjury' was to dismiss my cause of action ('need redress') also, to enforce 'contract' to settle damages 'Breach of contract unlawful.' Mo (revised statute) 1959 Judgment Notes. Confession of judgment (Valid) a security against contingent

<u>liability</u> & made in separate verified statements." Plaintiff states that he resides in Missouri. He has provided a New York address for one of the seven named defendants (Molly E. Dinneen); he has not provided the addresses for any of the remaining defendants.

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of federal-court subject matter jurisdiction. Although the amount in controversy exceeds $75,000, complete diversity of citizenship is lacking. <u>See</u> 28 U.S.C. § 1332.

Moreover, although a pro se complaint is to be liberally construed, the complaint must nevertheless contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. <u>Means v. Wilson</u>, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Having carefully reviewed the instant complaint, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claims asserted. The allegations are not short and plain, and even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims. For these reasons, the complaint will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed forma pauperis [Doc. #2] is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of May, 2006.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

---

[1]Plaintiff filed a "Financial Affidavit--CJA Form 23" [Doc. #3], but he failed to state whether he has any cash or money in a savings or checking account, and if so, the total amount. Because the Court is dismissing this action for lack of jurisdiction, the Court will not order plaintiff to file an amended CJA Form 23.